**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4153**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LATROY KRISHAWAN DUGGER,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:06-cr-00028-FL-1)

Submitted: November 18, 2016  Decided: December 13, 2016

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latroy Krishawan Dugger appeals the 46-month sentence imposed following the revocation of his supervised release term. On appeal, Dugger asserts that his sentence was plainly procedurally unreasonable because the district court failed to adequately explain its reasons for rejecting his sentencing arguments in support of a downward variance. For the reasons that follow, we affirm.

A district court has "broad discretion" in imposing a sentence after revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a revocation sentence that is within the applicable statutory maximum and not "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 494 (2015). To determine whether a revocation sentence is plainly unreasonable, we must first assess the sentence for procedural and substantive unreasonableness, considering the same general principles utilized in review of original sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In so doing, we assume "a more deferential appellate posture" than that employed in review of original sentences. Padgett, 788 F.3d at 373 (internal quotation marks omitted). Only if we find the revocation sentence unreasonable need we determine whether

2

it is "plainly" so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

A sentencing court generally must provide an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on [18 U.S.C. § 3553(a) (2012)]." United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010) (internal quotation marks omitted). The court "need not robotically tick through § 3553(a)'s every subsection" in explaining the sentence it imposes, "particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, if the defendant has presented "nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

The district court's explanation for its sentence must be adequate to "demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." Lynn, 592 F.3d at 576 (brackets and internal quotation marks omitted). In the revocation context, the court's statement of reasons need not be as specific or as detailed as that required in imposing an original sentence, "but

it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

"Chapter Seven instructs that, in fashioning a revocation sentence, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013) (internal quotation marks omitted). The court also should consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(B), (C); see 18 U.S.C. § 3583(e) (2012) (enumerating applicable sentencing factors). Even where the court's explanation is brief, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006); see Thompson, 595 F.3d at 547.

Our review of the record leads us to conclude the court provided an adequate explanation to support Dugger's revocation

4

sentence. As Dugger acknowledges, the court's statements at the close of the hearing evidence its consideration of counsel's sentencing arguments and Dugger's allocution. While the court's explanation was brief, its comments during the hearing adequately expressed its contemplation of the applicable § 3553(a) factors when rejecting Dugger's arguments for a variance. The court appropriately emphasized the significant breach of trust produced by Dugger's return to the drug trafficking conduct underlying his original offense. The court demonstrated its consideration of Dugger's offense, history, and characteristics by observing that Dugger had not reformed his conduct, despite his advancing age and family support. In light of the significant deference accorded a district court when imposing a revocation sentence, see Thompson, 595 F.3d at 547, we conclude these statements articulated sufficient support for the court's determination that Dugger's conduct warranted a sentence within the policy statement range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5